insolvent, was exclusive. Although the two cases are not exactly analogous, the reasoning of the court in that case undoubtedly applies to the one at bar. Having intimated an opinion upon the argument before this case was cited, that the winding-up provisions were not exclusive, I felt bound on hearing the case, in deference to the views of the learned judge, to withhold my decision until I had made a more careful examination of the law. From correspondence with him I am informed that he has modified, to some extent, the views expressed in that opinion, and that in the subsequent case of Irons v. Manufacturers' Nat. Bank [Case No. 7,068], he appointed a receiver of the same bank upon the application of a judgment-creditor. He there observes: "It would seem that the comptroller only has the right to appoint a receiver upon the existence of the facts which clothe him with that power, and that he rightfully declines to act in this case. I can see nothing in the law itself, nor in the decisions of the courts upon the law, so far as they have gone, to exclude the idea that a corporation created as this is, under an act of congress for certain specified purposes, does not come within the general provision of the law regulating the remedies of creditors the same as any other corporation, except where there are specific provisions to the contrary."

It is not intended in this case to decide whether the court would be authorized to appoint a receiver upon the happening of the contingencies authorizing such appointment by the comptroller of the currency. I am clearly of the opinion, however, that when the act does not provide for the introduction of the comptroller, a judgment-creditor is entitled to the aid of a court of equity. I see nothing in the case of Gibson v. Kennedy, 8 Wall. [75 U. S.] 498, which conflicts with these views. Nothing was decided in that case, except that it is for the comptroller to determine when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether a whole or part, and if a part, how much shall be collected. It is true there are certain dicta in the opinion which, literally construed, would indicate that creditors must, in all cases, seek their remedy through the comptroller in the mode prescribed by statute, but I am satisfied the court did not intend that language to be of universal application, and that it should be limited to the facts of the case before it.

Nor is there any force in the objection that a receiver appointed by this court would be powerless to obtain possession of the surplus of bonds on deposit in Washington, for the redemption of its circulating notes. I cannot assume that the comptroller of the currency would refuse to comply with the order of a court having jurisdiction of the case.

On the whole, I am of the opinion that in the absence of action on the part of the comp-troller of the currency, this court has the power to appoint a receiver upon the application of a judgment-creditor, subject, possibly, to his being superseded by the action of the comptroller.

The demurrer must be overruled.

## Case No. 18,085.

**WRIGHT v. MERCHANTS' NAT. BANK.**
[See Case No. 18,084.]

WRIGHT (MOTT v.). See Case No. 9,883.

WRIGHT (NICHOLLS v.). See Case No. 10,-236.

## Case No. 18,086.

**WRIGHT et al. v. NORWICH & N. Y. TRANSP. CO.**

[1 Ben. 156.] [1]

District Court, D. Connecticut. May, 1867.[2]

COLLISION—LIMITATION OF LIABILITY—PROCEEDINGS TO APPORTION LIABILITY—JURISDICTION OF DISTRICT COURT.

1. Where, in a collision between a steamer and a schooner, both vessels were sunk, and the steamer was afterwards raised and repaired, and this suit was brought by the owners of the schooner against the owners of the steamer, in which a decree was rendered for the libellants, with an order of reference to a commissioner to ascertain the damage, and his report, fixing such damage, was confirmed by the court. And where the respondents, thereupon, applied to the court on motion to reserve the final decree, that they might take "appropriate proceedings" to apportion the sum for which they might be liable among the parties entitled thereto, under the provisions of the act of congress of March 3, 1851 [9 Stat. 635], offering to the court proof of the value of their vessel and her freight, and that such value was exceeded by the amount of the claims for property destroyed in the collision. *Held*, that the liability of owners of vessels for damages done by their own to other craft in cases of collision, is limited by the third section of the act to the amount and value of their interest in the vessel at fault and her pending freight.

2. This limitation of liability is not confined to damages done to property on board the faulty vessel, but embraces all damages.

3. The respondents are, under the circumstances of this case, entitled, by the fourth section of the act, to take proceedings to have the amount for which they are liable apportioned among the parties entitled to it.

4. But that this court has no power to give them such relief in any form of proceeding. That power does not belong to its jurisdiction in admiralty, certainly not in a suit in personam, where neither the faulty ship and freight, nor their amount or value, is within the control of the court, and where the court can render no judgment that will bind parties not before it, and cannot make parties of such as reside and remain out of the district. And the court has no equity powers adequate to granting such relief.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 18,087. Decree of circuit court affirmed by supreme court in 13 Wall. (80 U. S.) 104.]